IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO ONTVERIO, )<br>            )<br>       Plaintiff(s), )<br>            )<br>   vs.      )<br>            )<br>COUNTY OF MONTEREY, et al., )<br>            )<br>       Defendant(s). )<br>_____ ) | No. C 07-2570 CRB (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

Plaintiff, a prisoner at the Sierra Conservation Center in Jamestown, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that on September 17, 2006, a day after he arrived at the Monterey County Jail ("MCJ"), he was attacked by another prisoner at the MCJ because the officer in charge of housing placement ignored plaintiff's request for protective custody. Plaintiff does not allege the reason why he requested protective custody or name any specific defendant, however. He only names as defendants the County of Monterey and the Monterey County Jail.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Id. at 837. Negligence is not enough to establish liability under the Eighth Amendment.  Id. at 835-36 & n. 4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, cannot under our cases be condemned as the infliction of punishment."  Id. at 838.

Plaintiff's allegation that an unnamed jail officer "negligent[ly]" ignored his unexplained request for protective custody is not enough to state a § 1983 claim for deliberate indifference to safety.  Plaintiff will be afforded an opportunity to amend and, if possible, allege facts showing that the officer knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  Plaintiff also must name the officer as a defendant and allege facts showing how the officer's wrongdoing caused the

deprivation of plaintiff's constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The County of Monterey and MCJ cannot be held liable under § 1983 simply on the theory they are responsible for the actions or omissions of its employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).[1]

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Sept. 19, 2007

CHARLES R. BREYER
United States District Judge

---

[1] To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

G:\PRO-SE\CRB\CR.07\Ontverio2.dwlta.wpd