IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO ONTVERIO,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>COUNTY OF MONTEREY, et al.,<br><br>    Defendant(s). | No. C 07-2570 CRB (PR)<br><br>ORDER |

Plaintiff, a prisoner at the Sierra Conservation Center in Jamestown, California, filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that on September 17, 2006, a day after he arrived at the Monterey County Jail ("MCJ"), he was attacked by another prisoner at the MCJ because the officer in charge of housing placement ignored plaintiff's request for protective custody. Plaintiff did not allege the reason why he requested protective custody or name any specific defendant. He only named as defendants the County of Monterey and MCJ.

Per order filed on September 19, 2007, the court dismissed the complaint with leave to amend and, if possible, allege facts showing that the officer knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. The court further explained that plaintiff must identify and name the officer as a defendant and allege facts showing how the officer's wrongdoing caused the deprivation of plaintiff's

constitutional rights. The County of Monterey and MCJ were dismissed on the ground that they cannot be held liable under § 1983 simply on the theory they are responsible for the actions or omissions of their employees.

Plaintiff filed a First Amended Complaint ("FAC") alleging that he asked the officer in charge to place him in protective custody because he was known as a gang drop-out and had had problems in the past. The officer ignored his request and plaintiff was assaulted by another inmate the next day. Liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Unfortunately, plaintiff has not identified the officer and names him only as Monterey County Deputy Sheriff John Doe.[1]

In order to proceed, plaintiff must identify Monterey County Deputy Sheriff John Doe through discovery and amend his complaint to name him. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff will be afforded 60 days from the date of this order to identify deputy sheriff John Doe and file an amendment naming him. The pleading must include the caption and civil case number used in this order and the words AMENDMENT TO COMPLAINT on the first page. Failure to file a proper amendment identifying and naming deputy sheriff John Doe will result in the dismissal of this action.

SO ORDERED.

DATED: April 8, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Ontverio2.dwlta2.wpd

---

[1] The County of Monterey and MCJ again are dismissed because they cannot be held liable under § 1983 on the theory they are responsible for the actions or omissions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 19889).

2